**Hyman A. COHEN, Defendant Below, Appellant,**

v.

**Naomi Simon COHEN, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

June 24, 1970.

John Merwin Bader, Wilmington, for appellant.

Vincent A. Theisen, of Theisen & Lank, Wilmington, for appellee.

WOLCOTT, C. J., CAREY, J., and McNEILLY, Judge, sitting.

WOLCOTT, Chief Justice:

This appeal from the Court of Chancery raises a single issue, viz., that no counsel fees should have been awarded at all to counsel for the plaintiff wife in this litigation.

Plaintiff and defendant were formerly husband and wife. They were divorced following the termination of this litigation. Three separate civil actions are involved.

The first action was filed July 4, 1962 by the wife for separate maintenance and child support against her then husband. The cause came on for hearing finally on April 28, 1966 but no trial was had since an agreement of settlement was entered into between the husband and wife. The agreement of settlement provided for certain lump sum payments, the transfer of certain property between the husband and wife, and for continued periodic support payments. Following approval of this agreement of settlement by the court, jurisdiction was reserved by it over the matter of counsel fees for the wife.

On June 13, 1966, the second civil action was filed alleging that the husband had defaulted in certain of the provisions contained in the agreement of settlement. After hearing, an order was entered enforcing the settlement agreement and again reserving jurisdiction in the matter of attorneys' fees.

The third civil action was commenced August 24, 1966 against the husband, Wilmington Savings Fund Society, and others. The relief sought was an injunction against the foreclosure of a mortgage on certain parcels of real estate owned by the former husband and wife. Also sought was an order on the husband to pay certain delinquent mortgage payments which he had been obligated to pay by the agreement of settlement. This action was settled amicably, and no further litigation has transpired between the parties. They were actually divorced on November 3, 1967.

Thereupon, the Vice Chancellor, who had reserved jurisdiction as to counsel fees for the wife, entered an order allowing $5,000 to the two associate counsel representing the wife in all of this litigation, and stating that he was doing so by reason of his treatment of the three separate civil actions as one piece of continuing litigation arising initially from a support and maintenance action in which Chancery has the authority to award counsel fees to the wife.

The appellant takes no issue as to the amount of fees awarded the wife's counsel. He takes the position that if it were indeed proper to award fees in all these three actions, the amount awarded is not unreasonable. He contends, however, that if fees were to have been awarded at all, they may have been awarded only in connection with the separate maintenance first initiated.

■ The Vice Chancellor, however, held that the three separate actions were in reality one piece of litigation, and awarded counsel fees on that basis. In this respect, we think he was correct.

The first action brought for separate maintenance resulted in the parties entering into a separation agreement providing for certain financial rights. The husband defaulted which required the bringing of the second action in order to enforce the separation agreement. The result of the second separate civil action was as though the separation agreement had been incorporated by order into the separate maintenance action. As such, it could easily have been enforced by contempt proceedings if that had been the result. However, this was not the result. An order was entered for the specific performance by the husband of the separate maintenance agreement.

The third separate civil action was required in order to prevent a mortgage foreclosure on a property, the house in which the husband and wife had formerly lived together as their marital domicile, by reason of the default by the husband of the payment of the amounts necessary to prevent foreclosure of the mortgage. As such, it was little more than would have been achieved by contempt proceedings had the separation agreement been incorporated in the first action as a part of the disposal of that litigation.

Under the circumstances, therefore, we see no alternative but to regard the three separate actions as in fact one continuous piece of litigation which ultimately resulted in a settlement of the differences of the parties. As such, therefore, it was entirely proper for the Vice Chancellor to award counsel fees based upon the entire scope of the litigation, in reality, one single controversy. We accordingly affirm his action in this respect.

■ This conclusion makes it unnecessary for us to consider the further argument of counsel for the appellant that Rule 88 of the Court of Chancery has not been complied with requiring the specification of hours of work spent in litigation allocated to the precise cause for which counsel fees are sought. This being one continuous litigation or controversy, it is not necessary for counsel to apportion their hours of labor and achievements between the three individual parts which together make up one whole. It suffices that the entire legal services of counsel are set forth in an affidavit pursuant to Rule 88. This has been done as the Vice Chancellor held.

The judgment below is affirmed.