**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| BARRY LEISTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2023-0503-SEM |
| | ) | |
| RED MUD ENTERPRISES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART MOTION FOR FEES**

WHEREAS, on May 8, 2023, Barry Leistner (the "Plaintiff") brought an action seeking inspection of books and records against Red Mud Enterprises LLC (the "Defendant");[1]

WHEREAS, in an oral final report, I recommended that judgment be entered in favor of the Defendant;[2] on exceptions, Vice Chancellor Glasscock adopted and affirmed my report;[3]

WHEREAS, the Defendant first requested fee shifting in its June 5, 2023 answer;[4] the Defendant reiterated its fee request in its November 7, 2023 motion for

---

[1] Docket Item ("D.I.") 1. This order is limited to the posture and background necessary to address the fee request; interested readers are directed to my final report and Vice Chancellor Glasscock's adopting letter decision for additional predicate. D.I. 78, 98.

[2] D.I. 78.

[3] D.I. 98.

[4] D.I. 13.

fees and expenses (the "Motion");[5] the Defendant seeks shifting under Section 13.15 of its LLC agreement (the "Provision"), which provides:

> In the event that any party hereto institutes any legal suit, action or proceeding, including arbitration, against another party in respect of a matter arising out of or relating to this Agreement, the prevailing party in the suit, action or proceeding shall be entitled to receive, in addition to all other damages to which it may be entitled, the costs incurred by such party in conducting the suit, action or proceeding, including reasonable attorneys' fees and court costs[;][6]

WHEREAS, the Plaintiff opposes shifting, arguing (1) the Provision only applies to one of the Plaintiff's three claims in its complaint (the claim arising from the LLC agreement ("Count II") and not the claims brought under 6 *Del. C.* § 18-305 ("Count I") and a letter agreement ("Count III")); (2) this Court should, thus, reduce the fees proportionally; (3) equity requires further fee reduction or denial under the circumstances; and (4) the Defendant's Rule 88 affidavit is not sufficiently detailed;[7]

WHEREAS, the Motion was fully briefed on January 10, 2024;[8]

WHEREAS, contractual fee shifting provisions are an exception to the American Rule that litigants are responsible for their own fees and expenses;[9] "[a]

---

[5] D.I. 93.

[6] *Id.*

[7] D.I. 105.

[8] D.I. 106.

[9] *Braga Inv. & Advisory, LLC v. Yenni*, 2023 WL 3736879, at *18 (Del. Ch. May 31, 2023).

fee-shifting provision must be a clear and unequivocal agreement triggered by a dispute over a party's failure to fulfill obligations under the contract. It must include specific language, such as any reference to 'prevailing parties,' a hallmark term of fee-shifting provisions[;]"[10] when a contractual fee shifting provision does not define "prevailing party," the Court must supply the meaning;[11] generally, a prevailing party is the party that "predomina[tes] in the litigation[;]"[12] "to achieve predominance, a litigant should prevail on the case's 'chief issue[;]'"[13]

WHEREAS, "under Delaware law, the term 'arising out of' is broadly construed to require some meaningful linkage between the two conditions imposed in the contract[;]"[14] "[a]bsent any qualifying language that fees are to be awarded claim-by-claim or on some other partial basis, a contractual provision entitling the prevailing party to fees will usually be applied in an all-or-nothing manner[;]"[15]

---

[10] *Murfey v. WHC Ventures, LLC*, 2022 WL 214741, at *2 (Del. Ch. Jan. 25, 2022) (citations and quotations omitted).

[11] *See Mrs. Fields Brand, Inc. v. Interbake Foods LLC*, 2018 WL 300454, at *2 (Del. Ch. Jan. 5, 2018) (citing *Brandin v. Gottlieb*, 2000 WL 1005954, at *26 (Del. Ch. July 13, 2000)).

[12] *Comrie v. Enterasys Networks, Inc.*, 2004 WL 5366650, at *2 (Del. Ch. Apr. 27, 2004).

[13] *Bako Pathology LP v. Bakotic*, 288 A.3d 252, 281 (Del. 2022) (quoting *2009 Caiola Fam. Tr. v. PWA, LLC*, 2015 WL 6007596, at *33 (Del. Ch. Oct. 15, 2015)).

[14] *Pac. Ins. Co. v. Liberty Mut. Ins. Co.*, 956 A.2d 1246, 1257 (Del. 2008).

[15] *Aloha Power Co. v. Regenesis Power, LLC*, 2017 WL 6550429, at *5 (Del. Ch. Dec. 22, 2017) (citations omitted).

WHEREAS, in opposing fee shifting in full, the Plaintiff points to a few exceptional cases:

- In *PharmAthene, Inc. v. SIGA Technologies*, Vice Chancellor Parsons limited contractual fee shifting due to the prevailing party's split of its claims into equal parts.[16] On appeal, the Delaware Supreme Court affirmed that fees should be shifted but reversed and remanded the fee award for reconsideration in light of the Supreme Court's reversal of the Court's overall damages award.[17] On remand, Vice Chancellor Parsons increased the proportion of fees to be shifted to the prevailing party.[18]

- In *Great American Opportunities, Inc. v. Cherrydale Fundraising, LLC*, Vice Chancellor Parsons limited statutory fee shifting given the multiple claims at issue.[19] Because only one of two claims was subject to statutory fee shifting and the two claims "have received essentially equal billing[,]" only half of the overall fees were shifted.[20]

- Finally, in *Council of Dorset Condominium Apartments v. Gordon*, Vice Chancellor Lamb declined to shift fees under contractual fee shifting where both parties prevailed on portions of their claims, any fee shifting would be limited by the claims on which each side prevailed, those fees would offset each other, and the plaintiff initiated the dispute in a "high-handed manner" and "the interests of justice opposed shifting fees."[21]

---

[16] *PharmAthene, Inc. v. SIGA Techs., Inc.*, 2011 WL 4390726, at *44 (Del. Ch. Sept. 22, 2011), *judgment entered*, 2012 WL 2308180 (Del. Ch. May 31, 2012), *aff'd in part, rev'd in part and remanded*, 67 A.3d 330 (Del. 2013), *and aff'd in part, rev'd in part*, 67 A.3d 330 (Del. 2013).

[17] *SIGA Techs., Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 352 (Del. 2013).

[18] *PharmAthene, Inc. v. SIGA Techs., Inc.*, 2014 WL 3974167, at *19 (Del. Ch. Aug. 8, 2014).

[19] *Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC*, 2010 WL 338219, at *29 (Del. Ch. Jan. 29, 2010).

[20] *Id.*

[21] *Council of Dorset Condo. Apartments v. Gordon*, 2002 WL 1335620, at *1–2 (Del. Ch. June 14, 2002), *aff'd*, 820 A.2d 371 (Del. 2002).

WHEREAS, conversely, *in Brandin v. Gottlieb*, then-Vice Chancellor Strine interpreted a contractual fee shifting provision that entitled a prevailing party to "all of its reasonable legal fees and disbursements" as "eschew[ing] a claim-by-claim approach by failing to insert any language in the contract that would authorize the court to exercise discretion to award less than 'all' the prevailing party's fees in a case where the prevailing party had achieved a less than full victory[;]"[22] thus, the Court shifted all fees in favor of the party who prevailed on most of her claims;[23]

WHEREAS, under Court of Chancery Rule 88, "the Court shall require [fee] applicant[s] to make an affidavit or submit a letter, as the Court may direct, itemizing (1) the amount which has been received, or will be received, for that purpose from any source, and (2) the expenses incurred and services rendered, before making such an allowance[;]"

WHEREAS, this Court "has discretion in determining the level of submission required" under Rule 88;[24] for example, in *Aveta Inc. v. Bengoa*, Vice Chancellor Laster found a filing styled as a motion sufficient to serve as a Rule 88 affidavit where lead counsel submitted a declaration under penalty of perjury with

---

[22] *Brandin v. Gottlieb*, 2000 WL 1005954, at *28 (Del. Ch. July 13, 2000) (citation omitted).

[23] *Id.*

[24] *Aveta Inc. v. Bengoa*, 2010 WL 3221823, at *3 (Del. Ch. Aug. 13, 2010) (citing *Cohen v. Cohen*, 269 A.2d 205, 207 (Del. 1970)).

5

attachments showing for "[e]ach time entry identifie[d] (i) the date on which services were provided, (ii) the name of the professional providing services, (iii) a description of the services performed, and (iv) the amount of time billed[;]" further, "[t]he detailed supporting invoices show[ed] disbursements by category[,]" and the filer "made minimal redactions[;]"[25]

WHEREAS, in *Bruckel v. TAUC Holdings, LLC*, Vice Chancellor Zurn exercised her discretion to request more information in support of Rule 88 affidavits explaining: "[w]hile the Court does not examine each time entry or litigation tactic, invoices will give the Court some indication as to the rates charged or how counsel chose to staff this matter[;]"[26] thus, the Court "request[ed] that Plaintiff's counsel include billing statements[;]"[27] after billing statements were submitted, Vice Chancellor Zurn set the amount of fees to be shifted;[28]

WHEREAS, "[i]n reviewing a fee application under Rule 88, the court will 'evaluate the reasonableness of fees under the standards of Rule 1.5(a) of the

---

[25] *Id.* at *4.

[26] *Bruckel v. TAUC Hldgs., LLC*, 2023 WL 4583575, at *17 (Del. Ch. July 17, 2023).

[27] *Id.*

[28] *Bruckel v. TAUC Hldgs., LLC*, 2023 WL 6036396, at *1 (Del. Ch. Sept. 14, 2023).

Delaware Lawyers' Rules of Professional Conduct, and normally exclude excessive, redundant, duplicative, or otherwise unnecessary hours[;]'"[29]

WHEREAS, in *Edgewater Growth Capital Partners LP v. H.I.G. Capital, Inc.*, then-Chancellor Strine shifted fees and set up a procedure for how the non-prevailing party could challenge reasonableness, which provided (in part):

> If [the non-prevailing party] wishes to object to the fees and expenses sought, it shall file an affidavit within 5 days of its receipt of [the prevailing party]'s affidavit, identifying with specificity its objections. If [the prevailing party']s fees and expenses are in the same range as [the non-prevailing party]'s, counsel shall be careful to explain why there is an objection, given that it seems plain that it would be more costly to clean up all the pizza thrown by [the non-prevailing party] than to throw it. Delaware counsel for [the non-prevailing party] and lead non-Delaware counsel for [the non-prevailing party] shall each file an affidavit stating the reasons each believes that there is a good faith basis to dispute the reasonableness of [the prevailing party]'s fees and expenses, in light of [the non-prevailing party]'s own fees and expenses and its proliferation of claims. If such affidavits are filed, the parties shall discuss an expedited briefing schedule to resolve the dispute and shall establish what, if any, discovery should precede such briefing[;][30]

**IT IS HEREBY ORDERED**, this 26th day of April 2024, as follows:

1.     The Motion is GRANTED in part.  The Defendant is the prevailing party, and, under the Provision, all the Defendant's reasonable fees shall be shifted

---

[29] *Roma Landmark Theaters, LLC v. Cohen Exhibition Co. LLC*, 2021 WL 5174088, at *2 (Del. Ch. Nov. 8, 2021) (quoting *Carpenter v. Dinneen*, 2008 WL 2950765, at *1 (Del. Ch. July 3, 2008)).

[30] *Edgewater Growth Cap. P'rs LP v. H.I.G. Cap., Inc.*, 68 A.3d 197, 242 (Del. Ch. 2013).

to the Plaintiff, subject to further proceedings as provided herein to determine the reasonableness of the fees requested and the amount of fees to be shifted.

2. The Provision is a clear and unequivocal fee shifting provision, which shifts all fees and costs in favor of the prevailing party in litigation "arising out of or relating to" the LLC agreement. The Plaintiff's attempt to parse this action or proportionally reduce fees because of the three separate claims the Plaintiff pled is not persuasive. The Plaintiff's only viable claim for books and records arose out of the LLC agreement and the Defendant prevailed on that claim; the Plaintiff's authority supporting proportionate reduction of fees is distinguishable. I further find the Plaintiff's appeal to equity unavailing; I find no heavy handedness nor bad faith conduct sufficient to relieve the Plaintiff of the consequences of clear contractual fee shifting. I further reject the Plaintiff's argument that Vice Chancellor Glasscock's mere recognition that the Plaintiff was free to serve another demand somehow changes the calculus. The Defendant was the prevailing party in this action, which arose out of and related to the LLC agreement, and any new demand and accompanying action is a separate proceeding, which will be handled in due course.

3. But I find the Rule 88 affidavit is lacking. Exhibit A to the Defendant's reply brief provides by timekeeper: hours billed, hourly rates, and lodestar amounts. It does not, however, attach any billing statements or invoices sufficient to show, for example, the date on which specific services were provided, by whom, and at what

8

cost (given the hourly rate and time spent). This hampers my ability to determine whether the amount of fees requested is reasonable.

4.    To tee up reasonableness, the parties shall proceed as follows:

a.    Within five days of this Order the Defendant shall supplement its Rule 88 affidavit with billing statements or invoices providing the categories of information found sufficient by Vice Chancellor Laster in *Aveta Inc. v. Bengoa*.

b.    Within five business days of receipt of such supplement, the Plaintiff shall identify, with specificity, any objections to the reasonableness of the fees and expenses reflected on the billing statements or invoices and the basis for the objection(s).

c.    The parties shall thereafter meet and confer in good faith to resolve any objections. As soon as practicable following good faith efforts to resolve any objections, the parties shall either submit a proposed form of order or a joint report identifying the disputes that remain.  For any remaining disputes, the Plaintiff shall supply its corresponding billing statements or invoices, which shall be attached to the joint submission, and will be reviewed for comparison purposes.

5.    I expect the parties to work cooperatively throughout this process and will promptly address any remaining disputes through a final order shifting fees.

6.     This is a final report under Court of Chancery Rule 143 and exceptions under Rule 144 are stayed until a final order shifting fees.

**IT IS SO ORDERED.**

*/s/ Selena E. Molina*
Magistrate Selena E. Molina